NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARITO ROSAS, | Hon. Garrett E. Brown, Jr. |
| Plaintiff, | Civil Action No. 08-2954 |
| v. | **ORDER** |
| EZA LAYPAN, et al., | |
| Defendants. | |

RECEIVED
SEP 28 2010
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**BROWN**, Chief Judge:

This matter[1] comes before the Court upon the September 7, 2010 Report and Recommendation ("R&R") of the Hon. Madeline Cox Arleo, U.S.M.J., that the Complaint filed by Plaintiff Margarito Rosas ("Rosas") on June 16, 2008, be dismissed with prejudice. (Doc. No. 38.) In her R&R, Magistrate Judge Arleo applied the procedural history of this case to the six-factor test established by the Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). After weighing the *Poulis* factors, Magistrate Judge Arleo concluded that dismissal of Rosas's Complaint with prejudice is the appropriate sanction in light of Rosas's nonfeasance.

This Court has reviewed Magistrate Judge Arleo's R&R pursuant to Local Civil Rule 72.1. That rule provides that the Court "shall make a *de novo* determination of those portions [of the R&R] to which objection is made and may accept, reject, or modify, in whole or in part, the

---

[1] This matter was reassigned to the undersigned by Order of March 15, 2010.

findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2). In conducting its review, the Court was mindful that it "may consider the record developed before the Magistrate Judge, [and] mak[e] [its] own determination on the basis of that record." *Id.*; *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).

Here, there were no objections to Magistrate Judge Arleo's R&R. Further, the Court concludes that the record before Magistrate Judge Arleo was adequately developed, the appropriate legal standard applied, and an appropriate sanction ultimately recommended. Accordingly, this Court hereby ADOPTS Magistrate Judge Arleo's September 7, 2010 Report and Recommendation (Doc. No. 38). Having done so,

IT IS THIS 28th day of September, 2010, hereby

ORDERED that Rosas's Complaint is DISMISSED WITH PREJUDICE; and it is further

ORDERED that Defendant's motion for summary judgment (Doc. No. 24) is DENIED as MOOT.

/s/ Garrett E. Brown, Jr.<br>
GARRETT E. BROWN, JR., U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARITO ROSAS, | Honorable Madeline Cox Arleo |
| Plaintiff, | Civil Action No. 08-2954 (GEB) |
| -v- | |
| OFFICER ROBERTO MERCADO, et al., | REPORT AND RECOMMENDATION AND ORDER |
| Defendants, | |

This matter comes before the Court on Defendant Officer Roberto Mercado's ("Mercado") unopposed motion to dismiss the Complaint based on pro se Plaintiff, Margarito Rosas' ("Plaintiff") failure to comply with this Court's discovery orders, pursuant to FED. R. CIV. P. 37(b)(2). (Docket Entry No. 37). For the reasons set forth below, this motion shall be GRANTED.

## BACKGROUND

I have addressed earlier aspects of this case on several occasions, and have issued orders on November 5, 2009, March 26, 2010 and June 22, 2010, respectively, in connection with defendant Officer Eric Rodriguez's request to file a motion to dismiss, his actual motion to dismiss and renewed request to file such a motion based on Plaintiff's repeated failure to produce discovery. These orders provide the background of this case, and I will not repeat it here, except as follows.

On June 16, 2008, Plaintiff brought this civil rights action, pursuant to 42 U.S.C. § 1983. At the time Plaintiff filed the Complaint, he was incarcerated at the Passaic County Jail in Paterson, New Jersey. However, as the official court docket reflects, during the pendency of this suit, Plaintiff was transferred to the Northern State Prison in Newark, New Jersey. This Court's March 26, 2010

and June 22, 2010, Orders directing Plaintiff to comply with his discovery obligations were mailed to Plaintiff at both the Passaic County Jail and Northern State Prison addresses.

Plaintiff repeated failed to provide discovery, pursuant to this Court's February 2, 2009 Scheduling Order and March 26, 2010 Order. Yet, the Court issued an Order, on June 22, 2010, permitting Plaintiff one final opportunity to comply with his discovery obligations.[1] In both the March 26, 2010 Order and June 22, 2010 Order, the Court admonished that failure to provide completely responsive discovery would result in sanctions up to and including dismissal of the Complaint.

On July 19, 2010, counsel for Mercado wrote to the Court, stating that Plaintiff has not engaged in the discovery process, which included his failure to provide fully responsive discovery answers and initial disclosures by the Court imposed deadline of July 19, 2010. As such, Mercado's counsel requested that he be given leave to file a motion to dismiss for failure to comply with discovery obligations. This Court granted Mercado's request.

The Court notes that, as of this date, Plaintiff has neither participated in the prosecution of his case, nor communicated with this Court to explain his failure to comply with this Court's discovery orders.

## DISCUSSION

Plaintiff's failure to prosecute this action and respond to defendants' outstanding discovery

---

[1] At the time Rodriguez filed his motion to dismiss on February 9, 2010, Plaintiff had not responded to any of the defendant's outstanding discovery request. Indeed, on November 24, 2008, Rodriguez served Rule 26 disclosures and interrogatories on Plaintiff. (James Frega Certification, dated July 30, 2010 at Exh. D). On November 26, 2008, defendant Officer Mercado ("Mercado") served Rule 26 disclosures, interrogatories and document requests on Plaintiff.

requests require this Court to determine the appropriate sanctions to impose. Although not addressed by Mercado in support of his motion, in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action as an appropriate sanction. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis. Id. Each factor will be discussed in turn.

1.  The Extent of the Party's Personal Responsibility

Plaintiff has failed to comply with the February 2, 2009, March 26, 2010, and June 22, 2010 Orders of this Court, which included deadlines for completing discovery. Plaintiff's failure to comply with the Court's Orders demonstrate his personal lack of responsibility in prosecuting his claim. Accordingly, such conduct weighs in favor of dismissal.

2.  Prejudice to the Adversary

Plaintiff's repeated failure to engage in discovery makes it impossible to determine his interest in pursuing this action, and for discovery to proceed, summary judgment motions to be properly filed,[2] or a final pretrial conference to be scheduled. I am satisfied that Defendants have

---

[2] The Court notes that on February 1, 2010, Mercado filed a motion for summary judgment, (Dkt. Entry No. 24), pursuant to this Court's November 5, 2009 Order. Plaintiff submitted no opposition. However, in light of Plaintiff's repeated failures to comply with his written discovery obligations, the Court recommends that Mercado's motion to dismiss be granted, thus obviating the need to address his summary judgment motion on the merits.

3

been prejudiced by Plaintiff's failure to prosecute this case and comply with this Court's Order.

3. A History of Dilatoriness

Plaintiff's actions indicate a history of non-compliance. As noted above, Plaintiff has failed for nearly ten months to participate in discovery. Yet, on two occasions, September 2, 2008 and April 9, 2010, Plaintiff wrote to the Court, seeking appointment of pro bono counsel. As such, Plaintiff has clearly demonstrated an ability to correspond with the Court. However, he has failed to comply with this Court's discovery orders or provide any explanation for his failure to do so.

4. Whether the Attorney's Conduct was Wilful or in Bad Faith

The fourth Poulis factor is not applicable here because Plaintiff is appearing as a pro se litigant. Yet, Plaintiff has not provided this Court with any justification for his non-compliance the past ten months. I am satisfied that Plaintiff has made a willful decision not to litigate this civil action as demonstrated by his recent pattern of dilatoriness and lack of cooperation.

5. Alternative Sanctions

Alternative sanctions would not be appropriate. Plaintiff has demonstrated an apparent lack of desire to prosecute this civil action.

6. Meritoriousness of the Claim

Finally, as to the sixth factor, I cannot determine the meritoriousness of the claims based upon my review of the pleadings.

A balancing of the Poulis factors weighs in favor of dismissing this action with prejudice. Not all of the Poulis factors need to be satisfied in order to enter a dismissal. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Here, Plaintiff failed both to prosecute this action and to comply with the February 2, 2009, March 26, 2010, and June 22, 2010 Orders of this Court. As such, a final

4

pretrial conference cannot be scheduled, and Defendants cannot properly move for summary judgment. Therefore, the sanction of dismissal is merited.

## CONCLUSION

For the reasons set forth above, I recommend that defendant Mercado's motion to dismiss the Plaintiff's Complaint, pursuant to FED. R. CIV. P. 37(b)(2), (Dkt. Entry No. 37), be GRANTED. The parties have fourteen (14) days from receipt hereof to file and serve objections.

Additionally, based on this Court's recommendation herein, defendant Mercado's motion for summary judgment is hereby DISMISSED WITHOUT PREJUDICE. (Dkt. Entry No. 24).

**SO ORDERED.**

Respectfully submitted,

**MADELINE COX ARLEO**
**United States Magistrate Judge**

Dated: September 7, 2010

5